**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38636**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Unpublished Opinion No. 745** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: December 14, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROY THOMPSON GWIN, JR.,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of three years, for felony driving under the influence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Roy Thompson Gwin, Jr. appeals from the district court's denial of his motion to suppress and the sentence imposed by the district court for driving under the influence, Idaho Code §§ 18-8004(1)(a), 18-8005(9), with a persistent violator enhancement, I.C. § 19-2514.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The police were notified of a disturbance in the early morning hours of August 9, 2010, described as a fight in the street. An officer arrived and spoke with David Gwin, Roy Gwin's son, who told the officer that he and his father had been in an altercation and that his father had left driving a green Chevrolet Blazer. Another officer in the area was notified and instructed to locate the vehicle. The second officer observed the vehicle in the vicinity of the altercation and

1

initiated a traffic stop. Roy Gwin was driving the vehicle and was arrested for driving under the influence.

The State charged Gwin with felony driving under the influence with a persistent violator enhancement. Gwin filed a motion to suppress, claiming that the officer lacked reasonable suspicion to conduct the traffic stop. The district court denied Gwin's suppression motion. Gwin then entered a conditional guilty plea, reserving the right to appeal the district court's decision. The district court entered a judgment of conviction, finding Gwin to be a persistent violator, and imposed a unified sentence of twenty years with three years determinate. Gwin filed a timely notice of appeal.

## II.

## DISCUSSION

Gwin argues that the district court erred in denying his motion to suppress because the officer lacked reasonable suspicion for the stop. He also contends that under any view of the facts his sentence was excessive. The State contends that Gwin has failed to show any error by the district court in denying his motion, and that the district court's sentence was not an abuse of discretion.

### A.     Motion to Suppress

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion of criminal activity. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998).

2

An investigative detention must be based upon specific, articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon,* 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause, but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Gwin contends that any reasonable suspicion of his involvement in a crime was dispelled once the first officer contacted his son, who did not appear to have any injuries, and told the officer he did not want to press charges. However, as the district court correctly noted, whether or not Gwin's son wanted to press charges is not determinative of whether or not there was a crime committed. If anything, David Gwin's statement that there had been an altercation and that he did not want to press charges supports a finding of reasonable suspicion because it implies that something occurred for which his father *could* be charged.

Even if we ignore David Gwin's statement about pressing charges, the police had reasonable suspicion to justify the stop of Gwin's vehicle. The police received an anonymous tip that there was an altercation taking place in the middle of a road. When the first officer arrived he found David Gwin, who acknowledged that he had been in a fight with his father. Although David Gwin did not appear to have any injuries, the officer observed that his shirt was ripped which he stated occurred during the altercation. He then told the officer that his father was driving a green Chevrolet Blazer, which the officer related to another officer in the vicinity. This occurred in the early hours of a Monday morning in a rural area when there was very little traffic. The second officer stopped Gwin's vehicle because it matched the description of the vehicle in question and was in the area of the altercation. Given these facts, and under totality of the circumstances, the second officer had reasonable and articulable suspicion that the driver of the stopped vehicle was the same individual involved in the altercation, a possible crime involving either an assault or battery. As the district court correctly noted, the fact that David Gwin did not appear to be physically injured or want to press charges did not mean that no crime

3

had been committed, or that further investigation was unwarranted. Therefore, the district court properly denied Gwin's motion to suppress evidence obtained pursuant to the traffic stop.

**B. Excessive Sentence**

Gwin next contends that his unified sentence of twenty years with three years determinate is excessive under any view of the facts. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

At the sentencing hearing, the district court recognized its discretion when imposing sentence upon Gwin. The district court noted that Gwin pled to the charges in this matter as a persistent violator and that he reserved his right to appeal. The court also noted that the present matter was Gwin's sixth felony conviction. The district court considered the nature of the offense and the goal of protecting society, noting that this was Gwin's third felony DUI conviction; and while the crime was not aggravated in the sense that there was a victim, the court emphasized that it need not wait until there is a victim before it could act to protect society. The district court also considered deterrence and the potential for rehabilitation. The court noted that Gwin previously had the benefit of substantial programming and treatment within the penitentiary setting; yet, even knowing he should not drink, Gwin continued to do so, and continued to drive after drinking. The district court acknowledged its belief that there was a

4

significant risk that Gwin could commit another crime in the future, because he clearly did not have his drinking under control.

The district court properly recognized its discretion and considered the sentencing factors relevant to its determination. The district court did not abuse its discretion by imposing a unified sentence of twenty years with three years determinate.

## III.

## CONCLUSION

The police had reasonable suspicion to stop Gwin's vehicle; thus, the district court properly denied Gwin's suppression motion. As such, the district court's order denying Gwin's motion to suppress is affirmed. Gwin also failed to establish that the district court's sentence was an abuse of discretion. Therefore, Gwin's judgment of conviction and sentence are also affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**